NOT FOR PUBLICATION (Doc. Nos. 34, 47, 48, 53, 61)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| MICHAEL S. ROTHBERG and THERESA ROTHBERG, <br><br> Plaintiffs, <br><br> v. <br><br> SARANNE ROTHBERG MARGER (individually and as Administratrix of the Estate of Sidney Rothberg), THE ESTATE OF SIDNEY ROTHBERG, NELLIE INGRAM, ALAN MARKOVITZ, MARK JONES, WELLS FARGO BANK, GEORGE BRANDT, CAPITAL ONE BANK, JOHN AND JANE DOES 1-20, and ABC CORPORATIONS A through Z, <br><br> Defendants. | Civil No. 11-5497 (RBK/JS) <br><br> **OPINION** |
| LYNN ROTHBERG KEARNEY, <br><br> Intervenor Plaintiff, <br><br> v. <br><br> SARANNE ROTHBERG MARGER, et al., <br><br> Intervenor Defendants. | |

1

**KUGLER**, United States District Judge:

This matter comes before the Court on the individual motions of Defendants Saranne Rothberg Marger ("Marger" or "Defendant Marger"); Nellie Ingram ("Ingram" or "Defendant Ingram"); Alan Markovitz, Esq. ("Markovitz" or "Defendant Markovitz"); Mark Jones ("Jones" or "Defendant Jones") and Wells Fargo Bank as successor to Wachovia Bank, NA; and George Brandt ("Brandt" or "Defendant Brandt") and Capital One Bank as successor to North Fork Bank to dismiss the Complaint of Michael S. Rothberg and Theresa Rothberg ("Plaintiffs"). Because, for the reasons explained below, the Court has serious doubts concerning its subject-matter jurisdiction over the instant matter, the Court orders Defendant Marger to offer further evidence of her citizenship within thirty days. Moreover, if Plaintiffs continue to seek this Court's exercise of diversity jurisdiction, Plaintiffs must amend their Complaint to properly allege the citizenship of all parties. Furthermore, the Court orders Plaintiff to submit information in conjunction with its federal Racketeer Influenced and Corrupt Organizations Act claim, pursuant to New Jersey Local Civil Rule 16.1(b)(4), within thirty days. In the meantime, Defendants' motions to dismiss are denied without prejudice and may be renewed by Defendants after thirty days have passed.

## I. BACKGROUND

On May 13, 2008, Sidney Rothberg died at eighty-three years old, leaving behind an estate ("the Estate") allegedly worth up to $200,000,000. Compl., ¶ 22; see also Intervenor Compl. According to the Complaint, Sidney Rothberg and his wife raised two children—Michael S. Rothberg and Saranne Rothberg Marger. Compl. at ¶ 23. Michael S. Rothberg and his wife, Theresa Rothberg, bring this action relating to the distribution of Sidney Rothberg's Estate against Saranne Rothberg Marger ("Defendant Marger" or "Marger"), as well as other

Defendants.  Plaintiffs allege that Sidney Rothberg's original will ("the 1970s Will"), left half of the Estate to Michael Rothberg, and the other half to Marger.  Compl., ¶ 25.  Plaintiffs allege that Marger "extracted" successive modifications of the 1970s Will—first in 1994, and again in 2002 ("the 2002 Will").  Id. at ¶¶ 34, 41.  Plaintiffs claim that these revised wills were created by Sidney Rothberg while he "was under duress, heavily medicated and susceptible to influence," and that Marger fraudulently induced Sidney Rothberg to revise the will and took control of the bulk of the Estate herself.  Compl., ¶¶ 51, 106.  It is alleged that, in the one-page 2002 Will, Marger procured "virtually all the assets of a multimillion dollar Estate," "depriving [Michael] Rothberg of any entitlements he had reason to expect based on a lifetime of assurances from Sidney that he had evenly divided his Estate between Marger and Rothberg."  Id. at ¶ 46.

Plaintiffs have alleged the following claims for relief: (1) breach of fiduciary duty against Defendant Marger (Count One); (2) tortious interference with payment of estate obligations to Plaintiff Rothbert, expectation of payment to Plaintiff Rothberg, and Plaintiff Rothberg's expectation of an inheritance or gift against all Defendants (Count Two); (3) breach of assignment and trust agreements against Defendant Marger (Count Three); (4) fraud and fraudulent inducement against Defendant Marger and Defendant Markowitz (Count Four); (5) violation of the Federal Racketeer Influenced and Corrupt Organizations ("RICO") Act (18 U.S.C. § 1962 et seq.) against all Defendants (Count Five); and (6) violations of New Jersey State Civil RICO (N.J.S.A. § 2C:41-1.h) against all Defendants (Count Six).  Intervenor Plaintiff Lynn Rothberg Kearney ("Intervenor Plaintiff" or "Kearney") also alleges that Sidney Rothberg was her biological father, and joins in Plaintiffs' action against Defendants.  Intervenor Compl.  Intervenor Plaintiff appears to join in Counts One, Two, Five, and Six, and also alleges a count of "Wrongful Death (Homicide)."

>Plaintiffs seek the following relief:
>
>[A]pplication of a constructive trust over all Estate assets, appointment of a third-party auditor and administrator of the Estate to account for assets of the Estate and distribute the funds owed to [Michael] Rothberg, for an order awarding [Michael] Rothberg the amounts owed to him for the CDs, the two trusts, his share of the value of SMR [a corporation created by Sidney Rothberg for the purpose of buying and selling artwork], continuation of the payment of all his expenses in the manner established during Sidney Rothberg's life . . . , payment of the $5.5 contained in the UBS account and the $2.5 million in cash, as well as the residence in New York at 66th Street and all its contents (or the value of the contents), all the men's jewelry held by the Estate at the time of Sidney Rothberg's death (or the value thereof), and the Frank Lloyd Wright Dining Room Set, together with all additional amounts necessary to bring Rothberg's acquisitions to 50% of the Estate, or an additional 50% of the remainder, as mandated in the 1970s Will, together with interest, his attorneys' fees and costs of suit, and any and all relief deemed equitable and just by this Court.

Compl. Moreover, Plaintiffs seek other forms of relief, including the building of "a new high quality residence" as well as the costs of insuring, furnishing, and maintaining such a residence, an "annual allowance for vacations comparable to the ones Sidney Rothberg had given Plaintiffs during his lifetime," "an apartment in New York City at absolutely no cost to Plaintiffs," "$100,000.00 for their daughter Tara's wedding," a one-million-dollar commodities and stock trading account, annual shopping sprees, etc. Compl. The Intervenor Complaint seeks "justice for Sidney Rothberg and shared legacy among heirs and/or damages awarded for the irreparable harm against Kearney." Intervenor Compl., ¶ 154.

Defendants have raised numerous grounds for dismissal of the Complaint, including the probate exception to federal diversity jurisdiction. However, because a factual challenge to this Court's subject-matter jurisdiction has been raised, the Court addresses only that ground here.

## II. STANDARD

Rule 12(b)(1) permits a court to dismiss a case for lack of subject-matter jurisdiction. Motions under Rule 12(b)(1) may be "facial" or "factual" challenges to the court's jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). When the moving

4

party supports its motion with a sworn statement of facts, "the court should treat the . . . challenge as a factual attack on jurisdiction." Med. Soc'y of N.J. v. Herr, 191 F. Supp. 2d 574, 578 (D.N.J. 2002). A factual challenge "may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed." Mortensen, 549 F.2d at 891-92. During a factual challenge, "no presumptive truthfulness attaches to [the] plaintiff's allegations" and the court may consider and weigh evidence outside of the pleadings. Id. at 891. The plaintiff bears "the burden of proof that jurisdiction does in fact exist." Id.

**III.   DISCUSSION**

Plaintiffs' Complaint (and the Intervenor Complaint) allege three grounds for this Court's subject-matter jurisdiction: (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; and (3) supplemental jurisdiction pursuant to § 1367. Compl., ¶¶ 16-18; see also, Intervenor Compl., ¶¶ 13-15. For the following reasons, the Court is, at this juncture, doubtful of its jurisdiction over this action on any of these grounds.

**A. Federal Question and Supplemental Jurisdiction**

In addition to their state common law and statutory claims, Plaintiffs allege one count of federal civil RICO, 18 U.S.C. § 1962 et seq., against all Defendants. Compl., ¶¶ 173-96. "The RICO statute authorizes civil suits by 'any person injured in his business or property by reason of a violation of [18 U.S.C. § 1962].'" Banks v. Wolk, 918 F.2d 418, 420-21 (3d Cir. 1990) (quoting 18 U.S.C. § 1964(c) (1988)). "In order to plead a violation of RICO, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity," and, moreover, a "pattern of racketeering activity" must be established by "at least two predicate acts of racketeering." Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004).

5

New Jersey Local Civil Rule 16.1(b)(4) provides that, "[i]n a civil action arising under 18 U.S.C. §§ 1961-1968, the Judge or Magistrate Judge may require a RICO case statement to be filed and served in the form set forth in Appendix O." N.J. Loc. Civ. R. 16.1(b)(4). Such a case statement "require[s] plaintiffs to flesh out their allegations with sufficient particularity" that a court may "determine at the outset of the case whether the RICO claim ha[s] merit." N.J. Loc. Civ. R. 16.1(b)(4) cmt. Because Defendants' motions to dismiss Plaintiffs' RICO claim focus on Plaintiffs' failure to allege a pattern of racketeering activity and failure to allege a specific predicate statute, see, e.g., Defs. Mark Jones and Wells Fargo's Br. in Support of Motion to Dismiss, 15, the Court orders Plaintiffs to file, within thirty days, a case statement, pursuant to Rule 16.1(b)(4), in the form set forth in Appendix O of the Local Rules.[1]

Defendants' alleged violation of 18 U.S.C. § 1962 is the only federal question raised in Plaintiffs' Complaint and the Intervenor Complaint, and accordingly it is the only potential basis for subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Moreover, because it is the only federal claim, it also provides the only potential basis for supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[2] Because the Court cannot decide to dismiss Plaintiffs' federal RICO claim until it has considered the Rule 16.1(b)(4) statement, the Court cannot yet assess its § 1331 or § 1367 jurisdiction.

---

[1] Appendix O provides the RICO case order form, which requires a plaintiff to: specify the subsection of § 1962 that the defendant allegedly violated; to list the predicate acts underlying the alleged § 1962 violation, including the dates on which the alleged acts took place; and to provide a host of other specific information about the alleged enterprise and alleged predicate acts. N.J. Loc. Civ. R., Appx. O.

[2] 28 U.S.C. § 1367(a) provides as follows: "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

### B. Diversity Jurisdiction

If, once Plaintiffs timely file a Rule 16.1(b)(4) statement, Defendants renew their motions to dismiss the federal RICO count and the Court grants those motions,[3] Plaintiffs' only remaining basis for federal jurisdiction will be 28 U.S.C. § 1332. Plaintiffs' Complaint does not adequately allege the citizenship of any parties, such that this Court cannot be confident that it may hear this case on diversity jurisdiction. Plaintiffs' Complaint alleges that Plaintiffs are "residents of New Jersey, with an address of 268 Myrtle Avenue, Woodbine, NJ 08270." Compl., ¶ 1. Moreover, Intervenor Plaintiff alleges that she is "a resident of Colorado." Intervenor Compl., ¶ 13. Plaintiffs' Complaint indicates that "Defendant Marger is a resident of the State of New York, at 200 East 57th Street, Apt. 3B, New York, NY 10022," and that all Defendants are citizens of New York or Pennsylvania. Compl., ¶¶ 4, 16.

Defendant Saranne Rothberg Marger disputes Plaintiff's claim that she resides in New York, and argues that she is "a long-time resident of the State of New Jersey, and not New York as falsely alleged in Plaintiffs' Complaint." Def. Marger's Br. in Support of Motion to Dismiss ("Def. Marger's Br."), 6. In support of this argument, Marger has submitted a declaration that declares under penalty of perjury that she "reside[s] at 122 E. Clinton Avenue, Tenafly, New Jersey 07670." Marger Decl., id. Accordingly, Marger claims, "[d]iversity jurisdiction does not exist because Plaintiffs and Saranne are all citizens of the State of New Jersey." Def. Marger's Br., 6.

Plaintiff Theresa Rothberg has submitted a Declaration in support of Plaintiffs' opposition to Defendant Marger's motion to dismiss. Theresa Rothberg Decl., Pls.' Br. Opp. to

---

[3] Moreover, even if the Court does not dismiss the federal RICO count, it may find that supplemental jurisdiction does not exist because the Complaint's other claims do not "form part of the same case or controversy" as the RICO claim, 28 U.S.C. § 1367(a), or may decline to exercise supplemental jurisdiction for one of the reasons enumerated in 28 U.S.C. § 1367(c).

Marger Motion to Dismiss. Seeking to establish that Marger is a citizen of New York, rather than New Jersey, the Declaration indicates that, "[o]n Thursday, May 8, 2008, Marger moved out of the Tenafly Property," which was then leased to someone else for one year. Id. at ¶ 2. It further indicates that, after that one-year lease ended, the Tenafly property identified by Marger as her place of residence was the office of Comedy Cures, "a non-profit organization founded and operated by Marger," at least through 2010; therefore, because it is a "modest three bedroom home," the Tenafly house cannot have also been Marger's residence. Id. at ¶¶ 3, 5. In support of the argument that Marger is a citizen of New York, not New Jersey, Plaintiff Theresa Rothberg also declares that "Marger currently has two residences in New York City," that Marger's Facebook page lists her as a resident of New York, and that, in 2011, Marger received an award that honors "Fearless Women in NYC." Id. at ¶¶ 7-9.

If subject-matter jurisdiction in this case is to rest on diversity jurisdiction, the Court cannot be sure of its jurisdiction at this stage because it is not clear in which state Defendant Marger has citizenship. Indeed, "[t]o sustain diversity jurisdiction there must exist an actual, . . . substantial, . . . controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." City of Indianapolis v. Chase Nat. Bank of City of New York, 314 U.S. 63, 69 (1941) (internal citations and quotation marks omitted). Accordingly, if Defendant Marger is shown to be a citizen of New Jersey, this Court does not have diversity jurisdiction over this matter.

It is well established that a showing of "mere residency in a state is insufficient for purposes of diversity." Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) (citing Sun Printing & Publ'g Ass'n v. Edwards, 194 U.S. 377 (1904)). Although Plaintiff Theresa Rothberg's Declaration attempts to offer information in support of the argument that Defendant

8

Marger is a citizen of New York, the evidence she offers as proof of citizenship is not sufficient to show Marger's alleged New York citizenship. The Third Circuit has established the following standard to determine a party's citizenship:

> Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning. In determining an individual's domicile, a court considers several factors, including declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business. Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration.

McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (internal citations and quotations omitted). Because Marger's citizenship remains uncertain, the Court orders the interested parties to submit information of the kind identified by the Third Circuit as probative of Marger's citizenship within thirty days.

Moreover, with the exception of claiming that "the Defendants are citizens of other states, namely New York and Pennsylvania," the Complaint fails to specifically allege the citizenship of each Defendant in this matter, and therefore insufficiently alleges diversity of citizenship. Likewise, the Court notes that Intervenor Plaintiff has alleged her own state of residency, but has failed to allege her citizenship. If subject-matter jurisdiction in this action is to be grounded in 28 U.S.C. § 1332, the jurisdictional allegations of Plaintiffs and Intervenor Plaintiff are insufficient to establish diversity jurisdiction.

**IV.     CONCLUSION**

For the foregoing reasons, all motions to dismiss Plaintiffs' Complaint are **DENIED WITHOUT PREJUDICE**. Plaintiffs are ordered to submit a RICO case statement in accordance with N.J. Local Civil Rule 16.1(b)(4) within **thirty (30) days**. If Plaintiffs and Intervenor Plaintiff wish this Court to exercise diversity jurisdiction over this matter, they must

file, **within thirty days**, an Amended Complaint and Amended Intervenor Complaint properly alleging the citizenship of each party to this action.  Furthermore, the interested parties are ordered to submit evidence of Marger's citizenship within **thirty (30) days**.  An accompanying Order shall issue today.


Dated: 5/21/2012                                                                              /s/ Robert B. Kugler
                                                                                                                                              ROBERT B. KUGLER
                                                                                                                                               United States District Judge