<u>NOT FOR PUBLICATION</u>                                            (Document Nos. 128, 145)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____          :
MICHAEL S. ROTHBERG and                      :
THERESA ROTHBERG,                            :
                                             :          Civil No. 11-5497 (RBK/KMW)
             Plaintiffs,                     :
                                             :
         v.                                  :          **OPINION**
                                             :
                                             :
SARANNE ROTHBERG MARGER                      :
(individually and as Administratrix of       :
The Estate of Sidney Rothberg),              :
THE ESTATE OF SIDNEY ROTHBERG                :
NELLIE INGRAM, ALAN MARKOVITZ,               :
MARK JONES, WELLS FARGO BANK,                :
GEORGE BRANDT,                               :
CAPITAL ONE BANK,                            :
JOHN and JANE DOES 1-20, and                 :
ABC CORPORATIONS A through Z                 :
                                             :
             Defendants.                     :
_____          :
                                             :
LYNN ROTHBERG KEARNEY,                       :
                                             :
             Intervenor Plaintiff,           :
                                             :
         v.                                  :
                                             :
SARANNE ROTHBERG MARGER,                     :
et al.,                                      :
                                             :
             Intervenor Defendants.          :
_____          :

1

**KUGLER**, United States District Judge:

This matter arises out of a fiercely contentious dispute between family members and others over the Estate of Sidney Rothberg, who died in May 2008.  Currently before the Court are pro se Intervenor Plaintiff Lynn Rothberg Kearney's ("Plaintiff") motions for sanctions under Federal Rule of Civil Procedure 11 against Defendant Saranne Rothberg Marger ("Defendant") and her attorneys Louis R. Moffa, Jr. and Melanie A. Leney (Doc. Nos. 128, 145).[1]  For the reasons stated herein, the Court will deny Plaintiff's motions.

## I.    DISCUSSION AND ANALYSIS

Plaintiff claims that she is the biological daughter of Sidney Rothberg, and that Defendant, along with other parties, conspired to prevent her from receiving an inheritance from him.  The essence of her sanctions motion is that Defendants, in two filings to the Court (Doc. Nos. 98, 125), have made unsupported factual contentions in violation of Rule 11(b)(3).  Pl.'s Br. in Support of Mot. for Sanctions 2.  She provides numerous examples, a sampling of which is included here:

- Kearney falsely claimed that Sidney Rothberg was her father.  *Id.* at 5.

- Kearney contacted other members and friends of the Rothberg family.  *Id.*

- Sidney told Kearney that she had no entitlement to his money.  *Id.* at 6.

- From 2004 and continuing after Sidney's death in 2008, Kearney has continued to harass Saranne.  *Id.*

- Kearney has advanced no evidence that, even if she had known Sidney Rothberg, he would have chosen to give her part of his Estate.  *Id.*

- Kearney appeared to be in a drug-induced state.  *Id.* at 10.

---

[1] The motions are entirely duplicative and thus the Court will not distinguish between them here.

- Saranne and her father discussed Kearney's potential threat to his safety while rehabilitating at the Jewish Home.  *Id.*

Defendant's attorneys respond that all of the content found in the two allegedly offending filings with the Court was based upon the personal knowledge of Defendant.  Further, they inform the Court that prior to submitting these filings, they conferred with counsel involved in the related testamentary proceeding in state probate court and consulted related documents in that action.  Def.'s Opp. Br. 4.  Based on this diligence, Defendant's attorneys maintain, they had no cause to disbelieve the statements made by Defendant, who has served as the Administratrix of Sidney's Estate since his death in 2008 and who appears to be his biological daughter.

In the Third Circuit, when evaluating conduct allegedly violative of Rule 11, a court considers whether that conduct was reasonable under the circumstances.  *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991).  This means that a party making filings to the Court must have an "objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact."  *Id.*  A court should impose sanctions only in "exceptional circumstances where a claim or motion is patently unmeritorious or frivolous."  *Levey v. Brownstone Inv. Group, LLC*, No. 11-395, 2012 WL 6596127 at *2 (D.N.J. Dec. 18, 2012) (citing *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988).

In this case, the filings between Plaintiff and Defendant do not strike the Court as evidencing anything more than the familiar back and forth about disputed issues of material fact attendant to most adversarial proceedings.  They certainly do not amount to the sort "patently unmeritorious claims" that call for Rule 11 Sanctions.  *See Levey*, 2012 WL 6596127 at *2.  For instance, Plaintiff argues that sanctions are warranted because Defendant asserted to the Court

that "Kearney falsely claimed that Sidney Rothberg was her father."  Pl.'s Br. 5.  It is a disputed

fact in the case whether Plaintiff is a biological relation of Sidney Rothberg.  Defendant, who

appears to be Sidney's biological daughter, is thus in a position to claim, upon her personal

knowledge, that Sidney and Plaintiff are not related.  Neither the probate court, in its proceedings

concerning Sidney's estate, nor this Court has made any factual findings suggesting otherwise.

*See Briehler v. Am. Continental Property of New Jersey, Inc.*, at \*10 ("Rule 11 is not to be used

routinely when the parties disagree about the correct resolution of a matter in litigation.") (citing

*Morristown Daily Record, Inc. v. Graphic Communications Union Local 8N*, 832 F.2d 31, 32 n.1

(3d Cir. 1987)).

Further, a characterization that Plaintiff has "harassed" Defendant and other parties, Pl.'s

Br. 6, is not strictly a factual assertion, but is inherently argumentative in nature and no grounds

for sanctions.  Additionally, Defendant's claim that Plaintiff once appeared to be in a drug-

induced state, Pl.'s Br. 10, is also not an assertion of fact, but is quite clearly Defendant's

*impression* of Plaintiff's manifested behavior.  Asserting such impressions in a brief, while

perhaps of limited value to the Court in considering Defendant's legal arguments, does not call

for sanctions under Rule 11.

Having considered the rest of Plaintiff's examples included in her motion of allegedly

sanctionable statements made by Defendant and her attorneys, the Court finds that none of them

calls for the imposition of sanctions against Defendant or her attorneys under Rule 11.

**II.    CONCLUSION**

For the reasons stated above, the Court will deny Plaintiff's motion for sanctions.  An appropriate order shall issue today.


Dated:___3/28/13_____                      ___/s/ Robert B. Kugler_____
                                             ROBERT B. KUGLER
                                             United States District Judge